UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL MYERS, <br><br> Plaintiff, <br><br> v. <br><br> ST. JOSEPH COUNTY JAIL, et al., <br><br> Defendants. | CAUSE NO. 3:24-CV-112-CCB-SLC |

OPINION AND ORDER

Michael Myers, a prisoner without a lawyer, filed a complaint against two defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Myers, who was previously housed at the St. Joseph County Jail, alleges that on December 25, 2023, when the jail was on mandatory lockdown for safety and security reasons, he was subjected to unconstitutional conditions of confinement. ECF 1 at 2. He asserts he did not want to use the toilet in his cell because the toilet had been used by his two cellmates and could not be flushed again for an hour. *Id*. Because he could not use the toilet, he pressed the communication button in his cell and asked Deputy Lowe

if he could either use the toilet in the jail's dayroom or if he could unlock the toilet in his cell so it could be flushed. *Id*. However, Deputy Lowe declined both of Myers's requests. *Id*. Because he had no other option, Myers used the toilet even though it could not be flushed. *Id*. at 2-3. He was then left with a toilet filled with feces until the hour elapsed and it could be flushed again. *Id*. at 3.

Because Myers's is a pretrial detainee, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pretrial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). But the Fourteenth Amendment "prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). Inmates must be provided with "the minimal civilized measure of life's necessities," which includes "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). They must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly" with respect to those conditions, and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that

purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

In this case, Myers has sued Deputy Lowe asserting he would not allow him to use the bathroom in the dayroom when his toilet had already been flushed twice within the hour and could not be flushed again for an hour. While Myers's situation may have been inconvenient, it was not objectively unreasonable for Deputy Lowe to deny his request to use the dayroom bathroom because the jail was on mandatory lockdown for safety and security reasons. Neither was it objectively unreasonable to require Myers to wait a brief period of time before he was able to flush the toilet in his cell again. Because the conditions Myers describes do not state a Fourteenth Amendment claim, he may not proceed against Deputy Lowe.[1]

Myers has also sued the St. Joseph County Jail. However, the jail is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Because St. Joseph County Jail is not a suable entity, Myers may not proceed against it.

---

[1] Myers also complains about other conditions at St. Joseph County Jail, but he does not link those conditions to Deputy Lowe. *See* ECF 1 at 3.

This complaint does not state a claim for which relief can be granted. If Myers believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Michael Myers until **January 15, 2025**, to file an amended complaint; and

(2) CAUTIONS Michael Myers that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 16, 2024.

s/ Cristal C. Brisco
JUDGE
UNITED STATES DISTRICT COURT